UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-00089-JMS-TAB-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| S.L.H. | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-cr-00089-JMS-TAB |
| | ) |
| S.L.H., | ) -1 |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant S.L.H. has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 63. In addition, Defendant has asked the Court for the appointment of counsel. Dkt. 65. For the reasons explained below, his motions are **DENIED**.

**I.
Background**

In March 2017, Defendant pleaded guilty to fourteen counts of Hobbs Act Robbery and one count of using, carrying, and possessing a firearm during and in relation to a crime of violence. Dkt. 58 at 1-2. Between September and October 2015, when he was 16 years old, S.L.H. conducted armed robberies at fourteen businesses in Indianapolis, Indiana. Dkt. 30 at 7-10. At all but one of the robberies, Defendant possessed and brandished a firearm and at the remaining robbery, he brandished a paper bag in a manner intended to convey that there was a firearm in the bag. *Id*. Defendant fled from each robbery with U.S. currency, with the exception of one unsuccessful robbery. *Id*.

Defendant faced a guidelines range of 87 to 108 months of imprisonment with an additional 84 months to run mandatory consecutive on the brandishing charge. Dkt. 51 at 19. The Court

2

sentenced him to 144 months of imprisonment to be followed by three years of supervised release, a below guidelines sentence. Dkt. 58 at 3. The Bureau of Prisons ("BOP") lists Defendant's anticipated release date (with good-conduct time included) as February 18, 2026. https://www.bop.gov/inmateloc/ (last visited January 19, 2024).

Defendant has filed a pro se Motion for Compassionate Release. Dkt. 63. He has also filed a motion asking for the appointment of counsel. Dkt. 65. The Court has concluded that it can resolve the motions without a response from the United States.

## II.
## Discussion

### A. Request for Counsel

Defendant has requested the appointment of counsel to represent him in this matter. Dkt. 65. Defendant states that he is in need of counsel because: (1) he lacks full understanding of the law, and (2) he is unable to perform the legal research necessary to pursue his motion. *Id.* at 1.

There is no statutory authority entitling a defendant to counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Accordingly, Defendant's request for the appointment of counsel from the federal public defender's office is **denied**.

Because the Court is unable to appoint counsel, it *sua sponte* considers whether *pro bono* counsel should be recruited. The Court also finds that Defendant is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

3

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (holding that, because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Defendant has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. For these reasons, Defendant has not shown that pro bono counsel should be recruited and his request for assistance with recruiting counsel must therefore be denied.

### B. Compassionate Release

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as

"extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023). The Court has considered said amendments while adjudicating Defendant's motion, as appropriate.

Defendant argues that he establishes extraordinary and compelling reasons for compassionate release because (1) when he committed these offenses, he was a teenager who, due to trauma, abuse, and neglect, developed a propensity for violent and aggressive behavior and that since that time, he has mentally and psychologically matured into adulthood; (2) he wishes to be at home to provide care for his grandmother; and (3) he has undergone substantial rehabilitation while incarcerated. Dkt. 63 at 2-3; Dkt. 64.

S.L.H.'s argument that extraordinary and compelling reasons for his release exist because he has matured since the time of his crimes because he is now an adult is unavailing. Dkt. 63 at 2-3. He argues that it is unfair to treat juveniles have diminished culpability and other significant differences from adults because juveniles have diminished culpability and other significant differences from adults. *Id.* He argues that, as a minor, his adolescent brain was immature, and, because of a childhood history of abuse and neglect, he was drawn towards criminality and violent behavior. *Id.*

Initially, the Court recognizes the young age of the Defendant at the time of his offenses and the difficulty of the Defendant's childhood, including a mother stricken by drug addiction and an abusive stepfather. Dkt. 51 at 15. However, the Court was aware of these circumstances at the time of sentencing, *see id.*, and took them into account when it issued its sentence, dkt. 59 at 3. The Defendant has presented no evidence specific to his maturation in the ensuing years and no evidence that would distinguish him from any other defendant sentenced as a minor. There is nothing extraordinary about simply advancing in age from adolescence to adulthood. For this

reason, the Court finds that Defendant has not met his burden to show that his maturation constitutes an extraordinary and compelling reason for release, whether considered alone or in combination with any other reason.

  S.L.H. next argues that he wishes to be home to provide support for his grandmother. Dkt. 64 at 1. He states that his father, who had been a caregiver for Defendant's grandmother, unexpectedly died. *Id.* Defendant will assume that role for his grandmother if he were released. *Id.* Under the recently amended guidelines, circumstances where extraordinary and compelling reasons for release exist include: (1) "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent," U.S.S.G. § 1B1.13(b)(3)(C); and (2) "circumstances similar to those listed in paragraph[] (3)(C) . . . exist involving any other immediate family member" where "the defendant would be the only available caregiver" for them, U.S.S.G. § 1B1.13(b)(3)(D). Defendant, however, presents no evidence about his grandmother's physical or mental condition or the type of care which he would provide. He states only that she is in a "senior citizen home" and that his father had been her caregiver. Dkt. 64 at 1. For this reason, the Court cannot find that Defendant's grandmother is incapacitated. Defendant has also presented no evidence that he is the only person available to provide care. While he acknowledges that he has multiple siblings, he offers no reasons why they could not provide care. *Id.* at 2. Many inmates have elderly family members for whom they would like to provide care and support. Such a desire is common, not extraordinary. As such, the Court finds that Defendant has failed to meet his burden to establish that the desire to care for his grandmother is an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.

6

That leaves S.L.H. with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Defendant has made in prison are commendable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d) (Nov. 2023); *United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme. . . . [R]ehabilitation cannot serve as a stand-alone reason for compassionate release.") (cleaned up). The Court does not find that Defendant's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

Even if the Court were to assume that Defendant had established an extraordinary and compelling reason, however, the Court would nevertheless find that Defendant is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1] Weighing in his favor, he would have a residence and family support if he were released. *See* dkt. 64 at 1. Additionally, he earned his GED and has engaged in programming while in BOP. Dkt. 63-1 at 1. Weighing against him, S.L.H. committed serious crimes and has an extensive history consisting of four juvenile true findings including a conviction for armed robbery. Dkt. 51 at 12-13. He has four disciplinary infractions against him in BOP including for attempting to bribe

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

7

a BOP staff member and, most recently, a sanction less than five months ago for failing to obey an order and violating visiting regulations. Dkt. 63-1 at 4. Further, S.L.H. is not scheduled to be released from prison until February 2026; thus, releasing him now would be a substantial reduction in his sentence.

In light of these considerations, the Court finds that releasing Defendant early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

### III.
### Conclusion

For the reasons stated above, Defendant's motion for compassionate release, dkt. [63], and his motion for the appointment of counsel, dkt. [65], are **denied**.

**IT IS SO ORDERED.**

Date: 2/8/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

S.L.H.
Register Number: 14601-028
FCI Beckley
Federal Correctional Institution
P.O. Box 350
General and Legal Mail
Beaver, WV 25813